UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ANTHONY LYNN SIMERLY, | ) | | |
|---|---|---|---|
| Plaintiff, | ) | | |
| v. | ) | No.: | 3:24-CV-101-TAV-JEM |
| BLOUNT COUNTY JAIL MEDICAL STAFF and NURSE BRITTANY, | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a pretrial detainee[1] housed in the Blount County Jail, filed a pro se civil rights action against Defendants under 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1] with supporting documents [Doc. 7]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion [Doc. 1] but **DISMISS** this action for failure to state a claim.

**I.     Motion to Proceed *In Forma Pauperis***

It appears from Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] and accompanying documents [Doc. 7] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**.

---

[1] Plaintiff does not disclose his custodial status in his complaint, but he is listed as a pretrial felon by the Blount County Sheriff's Office. *See* Blount County Sheriff's Office, *Inmate Lookup System*, http://ils.bcso.com/ (last visited April 22, 2024). Accordingly, the Court will assume that he was a pretrial detainee at the time of the incidents alleged in his complaint.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum opinion to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this memorandum opinion to the Court's financial deputy. This memorandum opinion shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

II.     Screening Complaint

    A.     Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail

to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

3

### B. Plaintiff's Allegations

Plaintiff has chronic high blood pressure, which is checked daily at the Blount County Jail, and for which he receives three different medications [Doc. 2, p. 4]. He also receives medications for other conditions [*Id.*]. At around 9:30 a.m. on February 27, 2024, Plaintiff was awakened by Officer Beal and Nurse Brittany to receive his medications [*Id.* at 3]. Nurse Brittany told Plaintiff that he "had to put [his] stripes on" —presumably meaning to get dressed—to receive his medication [*Id.* at 4]. But on a prior occasion when Nurse Brittany worked Plaintiff's pod, she gave Plaintiff his medication "without [his] stripes on" [*Id.*]. And on that occasion Plaintiff witnessed Nurse Brittany tell Officer Burger that she had made inmates angry by forcing them to get dressed to receive their medications. *Id.* Thus, when Nurse Brittany refused Plaintiff his medication on February 27, Plaintiff told Officer Beal that "it is not required [for an inmate] to have [his] stripes on other than when [he is] in the dayroom and that [he] would be filing a grievance" [*Id.*]. Nurse Brittany then stated, "file away all day long" and refused to give Plaintiff his medications [*Id.*].

On February 29, 2024, Officer Beal informed Plaintiff that he had reviewed the Inmate Handbook, and it states, as Plaintiff had informed Nurse Brittany, that inmates are only required to "have [their] stripes on in the dayroom" [*Id.*].

Aggrieved by these incidents, Plaintiff filed the instant suit against Nurse Brittany "with Medico" and the Blount County Jail's medical staff seeking monetary damages and to hold Nurse Brittany accountable [*Id.*].

C.  Analysis

Plaintiff does not state whether he is suing Defendants in their individual capacities, their official capacities, or both [*See generally* Doc. 2].  Out of an abundance of caution, the Court will assume that Plaintiff has sued Defendants in both capacities and address Plaintiff's official-capacity claims before turning to a consideration of each Defendant's individual liability.

1.  **Official-Capacity Claims**

By suing Defendants in their official capacities, Plaintiff is suing the entities that employ them.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").  Here, that is Blount County as to the Blount County Jail's medical staff and either Blount County or Medico as to Nurse Brittany.  But to maintain a claim against either entity, Plaintiff must allege facts from which this Court could infer that his constitutional rights were violated because of an unconstitutional policy or custom.  *See Monell*, 436 U.S. at 708 (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"); *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (holding plaintiff must allege "a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights) (citation omitted).

5

Here, Plaintiff has not alleged that an official policy or custom of Blount County and/or Medico was the moving force behind any alleged deprivation of his rights. Accordingly, any claim against Defendants in their official capacities will be **DISMISSED**.

### 2. Individual Defendants

To state a claim against Defendants in their respective individual capacities, Plaintiff must adequately plead that each Defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). This requirement exists because constitutional liability cannot attach to a Defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell*, 436 U.S. at 691 (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor").

First, with regard to the Blount County Jail's medical staff, the Court notes that the mere filing of a complaint does not commence a civil action against that unidentified party. *See Smith v. City of Chattanooga*, No. 1:08-CV-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictitious party such as an unknown John Doe." (citing *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968))). Instead, "until an amendment adding additional defendants has been permitted by

6

the court," allegations against an unknown defendant "are merely 'surplusage[.]'" *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) (citing *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964)). Therefore, Plaintiff cannot maintain suit against unidentified members of the Blount County Jail's medical staff. Additionally, Plaintiff could not otherwise sustain an action against these individuals, as he has not alleged any facts suggesting that any unidentified member of the Blount County Jail's medical staff was personally involved in any decision to deny him medical care. Accordingly, Blount County Jail's medical staff will be **DISMISSED**.

This brings the Court to the gravamen of Plaintiff's complaint—that Nurse Brittany denied him medical care. The Court notes that prison officials have a duty to "ensure that inmates receive adequate food, clothing shelter, and medical care" and "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). Deliberate indifference to those needs violates an inmate's constitutional rights. *Richmond v. Huq*, 885 F.3d 928, 937-38 (6th Cir. 2018) (citation omitted).

Because Plaintiff is presumably a pretrial detainee, his claims are analyzed under the Fourteenth, rather than the Eighth, Amendment. *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021). Under the Fourteenth Amendment, pretrial detainees cannot be subjected to punishment prior to a determination of guilt. *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015) ("[P]retrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'") (citation omitted). Therefore, to state a claim that Nurse Brittany exposed him to punishment by failing to obtain adequate medical

7

care for him, Plaintiff must show that (1) he had a sufficiently serious medical need, and (2) Nurse Brittany "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 317 (6th Cir. 2023) (citations omitted).

Here, Plaintiff alleges that he missed one day of medication. When a claim is based on "occasional missed doses of medication[,]" Plaintiff must plead facts demonstrating that the missed dose of medication is sufficiently serious. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897–98 (6th Cir. 2004). Otherwise, an occasional missed dose of medication does not give rise to a constitutional claim. *See Bellotto v. Cnty. of Orange*, 248 F. App'x 232, 237 (2nd Cir. 2007) (finding county jail did not show deliberate indifference to medical condition of pretrial detainee when he missed doses of medication due to inadequate monitoring and the only consequence was anxiety attack, which resulted in no physical injuries); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992) (finding an occasional missed dose of medication does not, without more, constitute deliberate indifference); *Zentmeyer v. Kendall Cnty.*, 220 F.3d 805, 812 (7th Cir. 2000) (holding that the occasional missed dose of medicine, without more, does not violate the Eighth Amendment); *Stone v. Cheboygan Cnty.*, No. 00-CV-10404-BC, 2002 WL 507504, at *5 (E.D. Mich. Apr. 4, 2002) (concluding that "[a]n occasional missed dose [of medicine], and missed scheduled, non-emergency medical appointments, do not pose a 'substantial risk of serious harm'" sufficient to satisfy the objective component of a constitutional claim). Plaintiff has not alleged that he suffered any harm because he missed his daily (or

8

morning) dose of medication on February 27, 2024, and his allegations are insufficiently serious to give rise to a constitutional claim. Accordingly, Plaintiff's claims against Nurse Brittany will be **DISMISSED**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983, and this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

                                      s/ Thomas A. Varlan
                                      UNITED STATES DISTRICT JUDGE